**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

**CAMERON DALY,**

           Plaintiff,

-vs-

**KALAMAZOO COLLEGE, THE BOARD OF
TRUSTEES OF KALAMAZOO COLLEGE;
JORGE GONZALEZ, President; SUZANNE
LEPLEY, Director of Admissions, and
REBECCA HALL, Athletic Director,**

           Defendants.

---/

VERIFIED COMPLAINT FOR
TEMPORARY RESTRAINING
ORDER, PRELIMINARY AND
PERMMANENT INJUNCTIVE
RELIEF, DECLARATORY
RELIEF

CASE NO.: 1:23-cv-840

PLAINTIFF'S COUNSEL:
Michael A. Yoder (1600519)
Attorneys for Plaintiffs
2300 Wilson Blvd., Suite 700
Arlington, VA 22201
(202) 595-4504
michael@yoderesq.com

---

      Plaintiff Cameron Daly ("Plaintiff") files this Verified Complaint seeking emergency injunctive relief against Defendants the Board of Trustees of Kalamazoo College; Jorge Gonzalez, in his official capacity as President; Rebecca Hall, in her official capacity as Athletic Director; and Suzanne Lepley, in her official capacity as Director of Admissions (collectively, "Defendants" or "Kalamazoo College") on the grounds set forth as follows:

## **NATURE OF THE ACTION**

      Plaintiff is an 18-year-old student athlete who was admitted to Kalamazoo College where he was recruited and invited to join its men's soccer team this fall. Unfortunately, Plaintiff learned

1

just days ago that he would not be able to attend Kalamazoo College or play soccer for its men's program because of his religion.

Plaintiff attempted to alleviate the need for this action and submitted to Defendants a letter requesting reconsideration of decision to deprive him of full and equal access to Defendants' facilities, privileges, and advantages because of his religion, but Plaintiff's efforts were to no avail. At present, Kalamazoo College has deprived, is depriving, and continues to deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations that Kalamazoo College offers, including its academic buildings, restaurants, and its sporting arenas, stadiums, and facilities.

Due to the fact that pre-season training for the men's soccer team begins on August 18, 2023, this Complaint is submitted contemporaneously along with an Emergency Motion for a Temporary Restraining Order as Plaintiff needs to be able to attend pre-season in order for him to enjoy the privilege of joining Kalamazoo College's soccer team and have the opportunity to accept the invitation that other non-religious student-athletes have been afforded.

Absent the emergency declaratory and injunctive relief requested herein, there is a miscarriage of justice. Plaintiff is a young man who has diligently worked his entire life for the opportunity to obtain and education and play soccer at the collegiate level—and he has satisfied all conditions required of him in order to be able to do so; the only thing preventing his hard work from manifesting is the discrimination on the basis of his religion Kalamazoo College has committed, and such discrimination as more fully explained below, gives rise to the regrettable need for this action.

//

//

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331, 1343, 1367 and 2201 as well as 42 U.S.C. § 2000a, *et seq*. This action concerns a federal question, and this Court has supplemental jurisdiction over Plaintiff's related state law claim as both state and federal claims arise out of the same common nucleus of operative fact.

2.      Venue is appropriate under 28 U.S.C. § 1391 because all parties are domiciled within the district and all factual occurrences giving rise to the causes of action alleged in this Complaint occurred within the district.

3.      Plaintiff is also entitled to an award of attorney's fees and reasonable costs associated with this litigation pursuant to 42 U.S.C. § 1988.

**PARTIES**

4.      Plaintiff is a devout Christian and an adult resident of Routt County, Colorado. Plaintiff is also an exceptional student and soccer player who accepted Defendants' offer of admission to attend Kalamazoo College as well as the invitation Defendants extended offering Plaintiff a roster spot on Kalamazoo College's National Collegiate Association of Athletics ("NCAA") men's soccer team.

5.      Defendant Kalamazoo College is a nonsectarian higher education institution with restaurants, cafeterias, lunchrooms, and other facilities that engage and sell food for consumption on the premises. Kalamazoo College also has theaters, concert halls and music halls, sporting arenas, stadiums, and other places of exhibition and entertainment.

6.      Defendant the Board of Trustees of Kalamazoo College is the controlling entity responsible for the decisions Kalamazoo College makes in regard to its policies, student

admissions, and athletics invitations and programs, including the decisions made by any officer, director, agent, employee, or other entity associated with Kalamazoo College.

7.      Defendant Jorge Gonzalez is an individual and the President of Kalamazoo College who is directly implementing and enforcing the medical treatment policies at issue in this case. He requires Plaintiff to comply with the contested policies set forth in this Complaint in order to have full benefit of the services, facilities, privileges, advantages, and accommodations of Kalamazoo College, including his right to be a members of Defendants' men's soccer team. Defendant Gonzalez is being sued in his official capacity.

8.      Defendant Suzanne Lepley who is directly implementing and enforcing the medical treatment policies at issue in this case. Defendant Lepley requires Plaintiff to comply with the contested policies set forth in this Complaint in order to have full benefit of the services, facilities, privileges, advantages, and accommodations of Kalamazoo College, including his right to be a members of Defendants' men's soccer team. Defendant Gonzalez is being sued in her official capacity.

9.      Defendant Rebecca Hall an individual and Kalamazoo College's Athletic Director who is directly implementing, complying with, requiring, demanding, and enforcing the medical treatment policies that conflict with Plaintiff's sincerely held religious beliefs that are at issue in this case. She requires Plaintiffs to comply with the contested policies set forth in this Complaint or lose their right to continue as members of the soccer team. Defendant Hall is being sued in her official capacity.

## **FACTUAL ALLEGATIONS**

10.     After satisfying all academic and athletic pre-requisites and conditions, Kalamazoo College offered Plaintiff admission into its Class of 2027-2028, which begins its classes this fall.

11.     Plaintiff was also recruited and invited to join Kalamazoo College's men's soccer program. After accepting both invitations Defendants extended and paying his deposit, Plaintiff became an incoming student-athlete in Kalamazoo's Class of 2027-2028 and expected to arrive on campus and begin classes during the 2023-2024 academic school year.

12.     **Plaintiff is required to arrive on campus by August 18, 2023** due to the soccer team's pre-season practices.

13.     Unfortunately, after Plaintiff accepted his offer of admission and the offer to join Defendants' soccer team, Plaintiff was informed that he was not permitted to attend school or play on Kalamazoo College's men's soccer team.

14.     Specifically, Kalamazoo College deprived, is depriving, and continues to deprive Plaintiff of the full and equal enjoyment of Kalamazoo College's goods, services, facilities, privileges, advantages, and accommodations because of Plaintiff's religion.

15.     Plaintiff is a devout Christian, and he adheres to the teachings of the Bible. Plaintiff finds his dignity, personal identity, and autonomy in the exercise of his sincerely held Christian religious beliefs.

16.     Among others, Plaintiff sincerely holds the religious belief that all life is sacred, from the moment of conception to natural death, and that abortion is a grave sin against God and constitutes the murder of an innocent life. Because of this belief and the fact that aborted fetal cell-line tissue is used in the creation, derivation, production, or development of vaccines, Plaintiff's sincerely held religious beliefs conflict with Kalamazoo College's mandatory vaccination policy.

17.     While Plaintiff does not oppose or demean any person for his or her personal medical decisions in any way, Plaintiff's sincerely held religious beliefs prohibit him from complying with Kalamazoo College's mandatory vaccination policy.

18.     In pertinent part, Defendants' own policy states:

Kalamazoo College is committed to equal rights, equal opportunities, and equal protection under the law. **In adherence with applicable laws, the College prohibits discrimination** in its education programs, activities, and services on the basis of race, color, **religion**, age, sex, national origin, height, weight, marital status, familial status, veteran status, genetic information, disability, sexual orientation, gender identity, or **any other status protected by applicable state or federal law**."[1]

19.     Federal law requires Kalamazoo College to refrain from depriving anyone—including Plaintiff— from the full enjoyment and benefit of its goods, services, facilities, privileges, advantages, and accommodations.

20.     Among others, Kalamazoo College's services and facilities include restaurants and cafeterias such as Welles Dining Hall, the Richardson Room, and the Book Club—all of which sell food for consumption on the premises. Kalamazoo College also has facilities such as Mackenzie Field, Woodworth Field, Angell Field, the Markin Center, Stowe Stadium, a Natatorium, and each of these facilities host athletic performances, exhibits, and other entertainment events available to the public.

21.     However, due to Plaintiff's religion, Defendants' have deprived, are depriving, and will continue to deprive Plaintiff of the full enjoyment to all of the above establishments, including other establishments such as Kalamazoo's music halls, theaters, and academic buildings.

22.     Notably, Defendant's mandatory vaccination policy does not apply to all students at Kalamazoo College. As stated in its Nondiscrimination Policy, Kalamazoo College adheres to federal and states laws, including those which prohibit refusing access to every single one of the above-listed establishments, because of religion.

---

[1]   Andy Brown, *Nondiscrimination Policy,* KALAMAZOO COLLEGE (June 26, 2023), available at: https://www.kzoo.edu/about/nondiscrimination-policy/ (last accessed August 10, 2023) (emphasis added).

23.     In lieu of vaccination, Plaintiff is willing to take other preventative measures to prevent the contraction or transmission of virus and disease. For example, Plaintiff can provide medical tests revealing that he has not contracted and does not have virus or disease, thereby not only mitigating, but objectively entirely eliminating any risk of transmission, whether actual or perceived.

24.     Plaintiff sincerely believes that the Bible teaches him that he has a duty to God to live his life according to His Word.

25.     Consistent with God's Word, and as part of his personal identity and autonomy, Plaintiff sincerely believes that he has a duty and obligation to live out his faith in all areas of life, including the area of making personal medical decisions, especially those involving products that would not exist but-for the abortion of human lives.

26.     Because of Plaintiff's religion, Defendants have weaponized Kalamazoo College's policies and punished Plaintiff because he exercised his statutory right to not be deprived of full and equal enjoyment of public places of accommodation such as Kalamazoo College. In weaponizing its policies because of Plaintiff's religion, Defendants have also violated Plaintiff's constitutional and statutory rights to make his own medical decisions consistent with his faith and in consultation with his doctors and other medical professionals.

27.     But-for Plaintiff's religion, Defendants would not have weaponized its policies and Plaintiff would be attending Kalamazoo College this fall while playing on its men's soccer team, and Plaintiff would report to campus on August 18, 2023.

28.     But-for Plaintiff's religion, Defendants would not have deprived, be depriving, or imminently begin to deprive Plaintiff of his entitlement to the full benefit of Kalamazoo College and/or its aforementioned public places accommodation.

29.     Kalamazoo College is an institution of higher education that, among other things, sells food and beverages for consumption on the premises to members of the public and holds ticketed events and sells tickets to patrons and members of the public for performances in its music halls and theaters as well as sporting events and non-athletic events held in its athletic facilities, stadiums, and arenas.

30.     Defendants' aforementioned music halls, theaters, and its athletic facilities, venues, stadiums, and arenas are physically contained within Kalamazoo College, and Kalamazoo College holds itself out to serve patrons and members of the public in each of these covered establishments. For example, Kalamazoo College routinely invites and solicits members of the public to attend events in its establishments, including *inter alia,* Defendants' music halls, theaters, and its athletic facilities, venues, stadiums, and arenas. *See* Exhibit 1.

31.     Kalamazoo College holds itself out as serving patrons and members of the public, and Kalamazoo College does serve patrons and members of the public.

32.     By and through its sales and the money generated through *inter alia* tuition payments, performances, athletics, merchandise, and food and beverage sales, Kalamazoo College impacts and effects interstate commerce.

33.     The aforesaid establishments physically contained within Kalamazoo College, coupled and Defendants' advertisements, sales, solicitations, and invitations to the public holding itself out as to serve patrons and members of the public, indisputably renders Kalamazoo College a public place of accommodation, and therefore, the protections afforded under Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a *et seq.* ("Title II") apply, including the protection that:

> **All persons** *shall* be entitled to the **full and equal** enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of ***any*** place of public accommodation, as defined in this section, **without discrimination on the ground of** . . . religion . . .".

34.     As explained above, Plaintiff is *not* entitled to full and equal enjoyment of Kalamazoo College's goods, services, facilities, privileges, advantages, and accommodations directly and proximately because of his religion.

**<u>COUNT I</u>**
**DISCRIMINATION IN PUBLIC PLACE OF ACCOMMODATION**
**Violation of 42 U.S.C. § 2000a, *et. seq.***

35.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

36.     Defendants operate its school as a place of public accommodation as defined in 42 U.S.C. § 2000a, *et seq.*

37.     Kalamazoo College Defendants are involved in commerce as defined and intended by 42 U.S.C. § 2000a.

38.     Kalamazoo College is a place of public accommodation as intended by 42 U.S.C. § 2000a(b) in that, physically located within the premises of Kalamazoo College there exists numerous restaurants, cafeterias, lunchrooms, and lunch counters, including without limitation, Welles Dining Hall, the Richardson Room, and the Book Club—all of which constitute "covered establishments" within the meaning and as intended by 42 U.S.C. § 2000a(b)(2).

39.     Alternatively, to the extent that Welles Dining Hall, the Richardson Room, or the Book Club do not constitute "restaurants", Welles Dining Hall, the Richardson Room, and the Book Club are each "principally engaged in selling food for consumption on the premises . . ." and thus, constitutes a "covered establishment" within the meaning and as intended by 42 U.S.C. § 2000a(b)(2).

40.     Each of the aforesaid covered establishments are physically located within the premises of Kalamazoo College as evidenced by (1) photos on Kalamazoo College's website and

photos taken and uploaded to the internet by members of the public in satisfaction of 42 U.S.C. §

2000a(b)(4)(A)(ii).

41.     Kalamazoo College also holds itself out as serving patrons of any (and all) of the

above covered establishments as evidenced by *inter alia* the solicitations, advertisements, and

invitations to the public at-large to attend performances or ticketed events in its music halls,

theaters, and its athletic facilities, venues, stadiums, and arenas in satisfaction of 42 U.S.C. §

2000a(b)(4)(B).

42.     Kalamazoo College is a "covered establishment" as intended by 42 U.S.C. §

2000a(a), which provides in pertinent part:

> **All persons** shall be entitled to the **full and equal enjoyment** of the goods,
> services, facilities, privileges, advantages, and accommodations of any place of
> public accommodation, as defined in this section, without discrimination on the
> ground of . . . religion . . . .

*Id.*

43.     At all times relevant, Plaintiff is a member of a protected class based on his religion.

Specifically, Plaintiff is a devout Christian whose sincerely held religious beliefs conflict with

Defendants' mandatory vaccination policy. Specifically, Plaintiff sincerely believes that all life is

sacred, from the moment of conception to natural death, and that abortion is a grave sin against

God and the murder of an innocent life.

44.     Plaintiff also sincerely holds the religious belief that God forms children in the

womb and knows them prior to their birth, and that because of this, life is sacred from the moment

of conception. *See* Psalm 139:13-14 ("For you formed my inward parts; you knitted me together

in my mother's womb. I praise you, for I am fearfully and wonderfully made." (ESV)); Psalm

139:16 ("Your eyes saw my unformed substance; in your book were written, every one of them,

the day that were formed for me, when as yet there was none of them." (ESV)); Isaiah 44:2 ("the

Lord that made thee and formed thee from the womb . . ." (KJV)); Isaiah 44:24 ("Thus saith the

Lord, thy redeemer, and he that formed thee from the womb, I am the Lord that maketh all things."

(KJV)); Isaiah 49:1 ("The Lord hath called my from the womb; from the bowels of my mother

hath he made mention of my name." (KJV)); Isaiah 49:5 ("the Lord that formed me from the womb

to be his servant" (KJV)); Jeremiah 1:5 ("Before I formed thee in the belly I knew thee; and before

thou camest forth out of the womb I sanctified thee, and I ordained thee." (KJV)).

45.     Plaintiff sincerely believes that a child's life is sacred because they are made in the

image of God. *See* Genesis 1:26-27 ("Let us make man in our image, after our likeness . . . So God

created man in his own image; in the image of God created he him; male and female created he

them." (KJV)). Along that same theme is the sincerely held religious belief that because life is

sacred from the moment of conception, the killing of that innocent life is the murder of an innocent

human in violation of Scripture. *See, e.g*., Exodus 20:13 ("Though shalt not kill." (KJV)); Exodus

21:22-23 (setting the penalty as death for even the accidental killing of an unborn child); Exodus

23:7 ("the innocent and righteous slay thou not, for I will not justify the wicked." (KJV)); Genesis

9:6 ("Whoso sheddeth a man's blood, by man shall his blood by shed: for in the image of God

made he man." (KJV)); Deuteronomy 27:25 ("Cursed be he that taketh reward to slay an innocent

person." (KJV)); Proverbs 6:16-17 ("These six things doth the Lord hate: yea, seven are an

abomination to him . . . hands that shed innocent blood." (KJV)).

46.     Despite being a public place of accommodation, Defendants' have deprived, are

depriving, and will continue to deprive Plaintiff of the full benefits and enjoyment of the privileges,

services, facilities, advantages, and accommodations of Kalamazoo College, as evidenced by its

letter stating Plaintiff is prohibited from attending school or joining its men's soccer team unless

he violates his sincerely held religious beliefs.

47.     Kalamazoo College permits unvaccinated students to complete registration and attend the school, Other students identically situated as Plaintiff who are not religious persons have not been deprived of their full benefits and their enjoyment of the privileges of Kalamazoo College.

48.     While Kalamazoo College has allowed, allows, and continues to allow unvaccinated persons and members of the public to partake in the full and equal enjoyment of the goods, services, facilities, privileges, and advantages of Kalamazoo College, Defendants have deprived, are depriving, and continue to deprive Plaintiff of the same full and equal enjoyment of the same goods, services, facilities, privileges, and advantages Kalamazoo College offers other unvaccinated persons.

49.     The only difference between Plaintiff and other student and members of the public who are accepted to Kalamazoo College and permitted to complete their registration and attend school in the fall of 2023 is Plaintiff's Christian beliefs.

50.     Defendants' implementation of its policies, regulations, and guidelines to mandate vaccinations for student athletes such as Plaintiff violates 42 U.S.C. § 2000a, *et seq*., and deprives Plaintiff of his civil rights by subjecting him to conduct which has the purpose and effect of denying him the full benefit of the public accommodations and educational facilities at Defendants' school, including *inter alia* Defendants' academic buildings, music halls, drama theaters, cafeterias, and athletic venues, and the conduct complained of herein further denies Plaintiff full and equal access to the use and privileges of Defendants' public accommodations, including its academic buildings, musical halls, drama theaters, cafeterias, athletic venues, and educational facilities, on the basis of religion.

51.     Defendants' policies have the purpose or effect of substantially interfering with Plaintiffs' right to access and utilize public accommodations and public services, including

education and athletic participation, and creates an intimidating, hostile, or offensive public accommodation, public service, and educational environment for all the above-stated reasons.

52.     As a direct and proximate result of Defendants' violations of 42 U.S.C. § 2000a, *et seq.*, Plaintiff has suffered, is suffering, and will continue to suffer, damages, including the following:

    a.     Loss of use of school facilities.

    b.     Fear about using the school facilities.

    c.     Embarrassment and humiliation.

    d.     Severe emotional distress.

    e.     Loss of academic and educational opportunity.

    f.     Loss of athletic opportunity.

    g.     All other damages that reasonably flow from Defendants' outrageous and illegal policies, practices, procedures, and actions.

### COUNT II
**VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT
(MCL 37.2101, *et. seq.*)**

53.     Plaintiffs hereby incorporate and repeat herein paragraphs 1 through 74 above as if fully restated herein.

54.     Defendants operate its school as a place of public accommodation as defined in Michigan's Elliott-Larsen Civil Rights Act (hereinafter referred to as ELCRA), MCL 37.2301(a)(iii).

55.     Defendants are persons, as that term is defined in ELCRA, MCL 37.2103(g).

56.     Defendants' implementation of its policies and procedures to mandate vaccinations for student athletes violate ELCRA and deprives Plaintiff of his civil rights by subjecting Plaintiff to conduct which has the purpose and effect of denying him the full benefit of the public

accommodations and educational facilities at Defendants' school buildings, and denies Plaintiff full and equal access to the use and privileges of its public accommodations and educational facilities, on the basis of religion.

57.     For all the reasons stated herein, Defendants' vaccine mandate program violates Defendants' own policy by failing to provide a religious exemption to the vaccine requirement.

58.     The loss of participation in the athletic programs and activities at Kalamazoo College discriminates "on the basis of religion," and violates Plaintiff's rights under Kalamazoo College's Nondiscrimination Policy, Title II of the Civil Rights Act, and under Michigan's ELCRA.

59.     Defendants' policies have the purpose or effect of substantially interfering with the Plaintiffs' right to access and utilize public accommodations and public services, including education and athletic participation, and creates an intimidating, hostile, or offensive public accommodation, public service, and educational environment for all the above-stated reasons.

60.     As a direct and proximate result of Defendants' violations of ELCRA as well as Defendants' own policy, Plaintiff will continue to suffer the following consequences:

      a.     Loss of use of school facilities.

      b.     Fear about using the school facilities.

      c.     Embarrassment and humiliation.

      d.     Severe emotional distress.

      e.     Loss of academic and educational opportunity.

      f.     Loss of athletic opportunity.

      g.     All other damages that reasonably flow from Defendants' outrageous and illegal policies, practices, procedures, and actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ask this Honorable Court:

A.      to declare that Defendants' athletic vaccine mandate policy which provides no religious accommodations is invalid and unconstitutional for all the reasons as set forth in this Complaint;

B.      to declare that Defendants acted unconstitutionally, outside their authority, and in violation of well-established state and federal laws;

C.      to declare that Defendants' violated Plaintiff's statutory rights as set forth in this Complaint;

D.      to declare that Defendants' policy violates Title II of the Civil Rights Act of 1964, the Elliott-Larsen Civil Rights Act and Kalamazoo College's own anti-discrimination policy for any or all of the reasons as stated above; and

E.      to issue an *ex parte* temporary restraining order, preliminary and permanent injunctions enjoining Defendants' vaccination policy for all the reasons as set forth in this Complaint; *see* Verification of Cameron Daly.

F.      to award Plaintiff nominal damages;

G.      to award Plaintiff his reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988, Title II, and other applicable law; and

H.      grant such other and further relief as is just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated: August 10, 2023

                              Respectfully submitted,
                              CAMERON DALY

/s/ MICHAEL A. YODER

By:  Michael A. Yoder
LAW OFFICE OF MICHAEL A. YODER, PLLC
2300 Wilson Blvd., Suite 700
Arlington, VA 22201
Tel: (202) 595-4504
Fax: (571) 327-5554
michael@yoderesq.com

*Counsel for Plaintiff*

## **VERIFICATION**

I, CAMERON DALY, am over the age of eighteen years and the Plaintiff in this action. The statements and allegations that pertain to me or which I make in this VERIFIED COMPLAINT are true and correct, and based upon my personal knowledge unless otherwise stated. If called upon to testify to their truthfulness, I would and could do so competently. I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Dated: AUGUST 10-2023

Cameron Daly



**Kalamazoo College**
@kcollege

· · ·

#KCollege's Department of Music has four ensembles that will soon be performing their free and open-to-the-public fall concerts. Learn how you can attend performances from the Jazz Band, Philharmonia, College Singers and International Percussion Ensemble. ow.ly/tANR50Lzrur



6:33 PM · Nov 9, 2022

 **Kalamazoo College**
@kcollege

···

Two Kalamazoo College music ensembles performed over the weekend, the Kalamazoo Philharmonia and the College Singers (pictured at Light Fine Arts). Join us for one more concert, the International Percussion Ensemble, at 7:30 p.m. Wednesday in Dalton Theatre at Light Fine Arts.



1:09 PM · Mar 6, 2023 · **454** Views



**Kalamazoo College**
@kcollege

· · ·

Join us during this #MentalHealthAwarenessWeek for a rock musical from the @FestPlayhouse. "Next to Normal," coming Thursday–Sunday, will feature a cast of K students including Sophia Merchant '25 as Diana, a woman who struggles with bipolar disorder: ow.ly/Y9lC50Op34F.



6:20 AM · May 16, 2023 · **563** Views

 **Kalamazoo College**
@kcollege

Congratulations to the Class of 2020! ==The day of your in-person commencement has arrived.== If you can't join us at the Athletic Fields Complex, watch a livestream at kzoo.edu/commencement.



6:08 AM · Jun 12, 2021



**Kalamazoo College**
@kcollege

···

Family Weekend 2019 includes opportunities to take in a theatre production, learn about study abroad, catch an athletic event and more. No registration is necessary, so join us at your convenience! Find a schedule of activities here. ow.ly/TbBv50wZldX



7:51 AM · Nov 1, 2019