UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON DALY,

    Plaintiff,

v.

KALAMAZOO COLLEGE, et al.,

    Defendants.
_____/

Case No. 1:23-cv-840

Hon. Hala Y. Jarbou

## OPINION

Plaintiff Cameron Daly brings this action under Title II of the Civil Rights Act, 42 U.S.C. § 2000e, and the public-accommodations provisions of the Michigan's Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2301, against Kalamazoo College, its President (Jorge Gonzalez), its Director of Admissions (Suzanne Lepley), its Athletic Director (Rebecca Hall), and its Board of Trustees. Before the Court is Plaintiff's ex parte motion for a temporary restraining order ("TRO") (ECF No. 2). For the reasons herein, the Court will deny the motion.

### I. BACKGROUND

In his verified complaint, Plaintiff alleges that he is a student athlete who has been admitted to Kalamazoo College where he will play as a member of its soccer team starting this fall. The pre-season training for the soccer team begins on August 18, 2023. However, Plaintiff alleges that he recently learned that he would not be able to attend the college or play for its soccer team "because of his religion." (Compl. 2, ECF No. 1.) Specifically, Plaintiff's religious beliefs prohibit him from complying with the college's mandatory vaccine policy. Because Plaintiff believes that "all life is sacred, from the moment of conception to natural death," and because "aborted fetal cell-line tissue is used in the creation, derivation, production, or development of vaccines," he apparently objects to the use of some or all vaccines. (Compl. ¶ 16.) Although

Plaintiff does not expressly say so, he implies that he has not received one or more vaccines required by Kalamazoo College for attendance at the school and for participation in its soccer program. He also implies that he received some sort of notice or decision that he would not be able to attend unless he complied with the college's vaccination policy. He allegedly sent the college a letter asking for "reconsideration" of its decision, "but [his] efforts were to no avail." (Compl. 2.)

He then filed his complaint asserting a claim under Title II and a claim under ELCRA. Both claims contend that Defendants discriminated against him on the basis of his religion by denying him the use and enjoyment of "public accommodations." (*See* Compl. 9, 13 (citing 42 U.S.C. § 2000a(a); Mich. Comp. Laws § 37.2301(a)(iii).) In his motion for a TRO, Plaintiff seeks an order enjoining Defendants from enforcing their vaccination policy and from requiring that Plaintiff be vaccinated before participating in intercollegiate sports activities.

## II. STANDARD

Under Rule 65(b) of the Federal Rules of Civil Procedure, the Court may issue a TRO only if the Court finds that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In addition, the movant's attorney must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

If the foregoing requirements are met, the Court considers the following factors when determining whether to grant a TRO:

> (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO].

2

*Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

Like a preliminary injunction, a TRO "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed. 1995)). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

### III. ANALYSIS

#### A. Notice under Rule 65(b)

Plaintiff does not indicate what efforts he made to give notice to Defendants, so he has not complied with Rule 65(b)(1)(B). He contends that he was unable to speak with "Defendants' counsel" because "it is unknown who will represent Defendants" (Pl.'s Br. 2, ECF No. 2), but the issue is whether he attempted to give notice to Defendants themselves. He does not indicate that he made such an attempt. That failure alone warrants denial of his motion.

#### B. Likelihood of Success

Even assuming Plaintiff had complied with Rule 65(b)(1)(B), the Court would still deny the motion because Plaintiff has not established a substantial likelihood of success on the merits of his claims and this failure is fatal to his motion.

##### 1. Title II

Title II provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination . . . on the ground of . . .

religion[.]" 42 U.S.C. § 2000a(a). It then lists the following establishments as "a place of public accommodation," if they "serve the public":

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b). That list does not include universities or educational institutions like Kalamazoo College. Thus, on its face, Title II does not apply to Defendants.

Plaintiff apparently argues that Title II applies to Kalamazoo College because its campus contains some of the establishments mentioned above, including restaurants, cafeterias, theaters, concert halls, sports arenas, stadiums, and the like. However, Plaintiff does not contend that the school has denied him access to any of those public places. Instead, he contends that they have denied him the privilege of being an enrolled student on a school sports team. Those privileges are not offered to the public at large. Instead, they are offered to a select few. Thus, the denial of those privileges is not a denial of the use or enjoyment of a place of public accommodation.

In addition, Plaintiff has not demonstrated that Defendants denied him any privileges because of his religion. Instead, he asserts that they required him to comply with a vaccine policy applicable to all students, regardless of religion. In other words, they allegedly denied him the ability to participate in the school's programs because of his vaccination status, not because of his

4

religion. And although he contends that he asked for "reconsideration," it is not clear what information he presented to the school as the basis for his request. He does not contend that he asked for an exemption on religious grounds. Nor does he contend that the school denied such a request.

In short, there is simply no demonstrated likelihood of success on Plaintiff's Title II claim.

### 2. ELCRA

Under the provision relevant to Plaintiff's complaint, ELCRA prohibits a "person" from "[d]eny[ing] an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation . . . because of religion[.]" Mich. Comp. Laws § 37.2302(a). The statute defines "place of public accommodation" as the following:

> "Place of public accommodation" means a business, or an educational, refreshment, entertainment, recreation, health, or transportation facility, or institution of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public. Place of public accommodation also includes the facilities of the following private clubs:
>
> (i) A country club or golf club.
>
> (ii) A boating or yachting club.
>
> (iii) A sports or athletic club.
>
> (iv) A dining club, except a dining club that in good faith limits its membership to the members of a particular religion for the purpose of furthering the teachings or principles of that religion and not for the purpose of excluding individuals of a particular gender, race, or color.

Mich. Comp. Laws § 37.2301(a).

Plaintiff apparently argues that Kalamazoo College's soccer team is a private "sports or athletic club," though "club" is not the ordinary term used to describe a school sports team. He offers no authority applying this provision to a university sports program, and the Court is not

5

aware of any. A state court is better positioned to resolve this novel question. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim under 28 U.S.C. § 1367(c)(1).

For all the foregoing reasons, the Court will deny the motion. The Court will also dismiss Plaintiff's state-law claim.

Dated: August 11, 2023           /s/ Hala Y. Jarbou
                                 HALA Y. JARBOU
                                 CHIEF UNITED STATES DISTRICT JUDGE